```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ALROY RICHARDS,

                        Plaintiff,

        - against -

ALLIED UNIVERSAL SECURITY,
HILLSIDE MANOR REHABILITATION,
NYS DIVISION ON HUMAN RIGHTS, and
EQUAL EMPLOYMENT OPPORTNITY
COMMISSION,

                        Defendants.
----------------------------------------------------------x
```

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-2043 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On April 3, 2019, Plaintiff Alroy Richards ("Plaintiff") filed this *pro se* action alleging employment discrimination and violations of a battery of federal and state laws. (*See generally* Complaint, Dkt. 1.) Plaintiff's claims relate to his work for Allied Universal Security ("AUS"), which employed Plaintiff to serve as a security officer at Hillside Manor Rehabilitation for five months in 2017. (*Id.* at ECF[1] 6–7.) Currently before the Court is Plaintiff's request to proceed *in forma pauperis*. (*In Forma Pauperis* Application ("IFP App."), Dkt. 2.) For the reasons set forth below, the Court denies Plaintiff's application.

Under 28 U.S.C. § 1914(a), the base filing fee to commence a civil action is $350. Section 1914(b) provides that the Clerk of Court shall collect additional fees as prescribed by the Judicial Conference of the United States, which currently imposes an additional $50 administrative fee. 28 U.S.C. § 1914(b). Thus, the total fee to commence a civil action is $400. The Court may waive this filing fee, *i.e.*, grant *in forma pauperis* status, upon finding that a plaintiff is indigent. *See* 28

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

U.S.C. § 1915(a)(1); *see also Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004). The question of whether a plaintiff qualifies for *in forma pauperis* status is within the discretion of the Court. *DiGianni v. Pearson Educ.*, No. 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010).

The Court has reviewed Plaintiff's application to proceed *in forma pauperis* to determine if he is financially eligible to proceed without paying the filing fee. Plaintiff's IFP application indicates that he is currently employed by Coney Island Hospital, earning $2,200 in take-home pay each month. (IFP App., Dkt. 2, at ECF 1.) Plaintiff also has $100 dollars in his savings account and, until December 2018, received rental income from a property in Jamaica. (*Id.* at ECF 1–2.) Plaintiff states that the amount owed on the Jamaican property exceeded its sale price and that his monthly expenses total approximately $2,042. (*Id.*) The Court finds that this financial declaration does not support a showing of indigency. Thus, the Court declines to grant *in forma pauperis* status.

## CONCLUSION

As stated above, the Court denies Plaintiff's application to proceed *in forma pauperis*. To proceed with this action, Plaintiff must pay $400 to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Order. If Plaintiff fails to pay the filing fee within fourteen (14) days, this action shall be dismissed without prejudice.

If Plaintiff decides to proceed with this action and pay the filing fee, he is directed to file an amended complaint within fourteen (14) days from the date of this Order that comports with Federal Rule of Civil Procedure 8. Rule 8 requires the Plaintiff to provide a short, plain statement of his legal claims and the facts that support them so that Defendants will have adequate notice of the claims against them and will be able to determine whether there is a legal basis for recovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation"). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 18, 2019
          Brooklyn, New York